
EIVED
IN DISTRICT OF LA
HEMWELL, CLERK
RIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA    DIVISION

WILLIE JENKINS, JR.                    CIVIL ACTION NO. 05-1767

VS.                                    SECTION P

LOUISIANA DEPT. CORRECTION, ET AL.     JUDGE DRELL

                                       MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

On October 7, 2005 plaintiff Willie Jenkins Jr. filed a civil rights complaint alleging that the State of Louisiana is holding him in custody beyond his full term release date. Plaintiff is incarcerated at the Natchitoches Parish Detention Center (NPDC) in Natchitoches, Louisiana. He named State of Louisiana Department of Public Safety, Richard Stalder, and Linda Ramsy as the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

The factual basis of this complaint, is, according to the plaintiff, " The Louisiana Department of Public Safety and Corrections failed to follow a court order stated by the trial judge resulting in wrongful detention_violating my fourteenth Amendment of Due Process. The court order specifically stated

the first 2 yrs to be served without benefits probation, parole, suspension of sentence with credit for time served in which I received an 176 days credit for parole violation at sentencing...." [Doc. 1 pg. 3-4]

In his prayer for relief, plaintiff asked the court "...pray that the Honorable Court grant an injunction demanding that I'm released immediately from the custody due to being currently incarcerated as part of a wrongful detention to prevent me from suffered any further pain mentally..." [Doc.1 pg. 5]

## LAW AND ANALYSIS

The details of plaintiff's complaint are difficult to decipher; but the broad contours are clear enough - plaintiff claims that he remains falsely imprisoned beyond the date of his scheduled release. While he does not specifically ask for his immediate release, that relief is clearly implied.

Thus, to the extent that plaintiff seeks his immediate release from incarceration, he is advised that such relief is not available by way of a civil rights action.[1] See *Carson v.*

---

[1] There are other reasons which suggest that a civil rights complaint is inappropriate. In *Muhammad v. Close*, 540 U.S. 749, 750-751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004), the Court noted: "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for *habeas corpus*, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in *habeas*, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum

*Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

The undersigned therefore concludes that since success in this action would result in plaintiff's immediate release, this pleading should be construed as a petition for writ of *habeas corpus* under either 28 U.S.C. §2241 or §2254.[2]

---

term of confinement. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." [emphasis supplied] Thus, to the extent that plaintiff's complaint may properly be construed as a civil rights complaint, it would be subject to dismissal in accordance with *Heck*.

[2] As is shown hereafter, the petitioner does not challenge his convictions; instead, he challenges the computation of his sentences. "An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154

Of course, the resolution of this matter (as is shown hereinafter) does not turn on whether the claim has been filed (or analyzed) under § 2241 or § 2254. Federal law is clear - a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief whether suit is filed pursuant to 28 U.S.C. § 2241 or

§ 2254(b). *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.1987), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a

---

F.3d 186, 193-94 (5th Cir.1998) (*en banc*)). Thus, this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254. See also *Carmona v. Andrews,* 357 F.3d 535 (5th Circuit 2004). But see *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.)

Here, petitioner does not seek to undo his convictions, (as would be the case under 28 U.S.C. §2254) but instead asks the court to correct the alleged unconstitutional actions of the defendants that have resulted in his continued incarceration beyond the date upon which he contends he should have been released. See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed).

prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Since petitioner seeks release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner's pleadings and exhibits suggest that while he may have exhausted all available <u>administrative</u> remedies, he did not fully exhaust his state <u>court</u> remedies prior to the filing of suit. Further, a review of the presumptively reliable

published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner.

It is therefore clear that the present *habeas* claims have not been fully and fairly presented to the Louisiana courts, and especially the Louisiana Supreme Court, and the claims therefore remain unexhausted.

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* and that it should be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers ~~at Monroe, Louisia~~na, this ___ 3ʳᵈ day of ___November___, 2005.

_____

_____
JAMES D. KIRK

UNITED STATES MAGISTRATE JUDGE